UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 2 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Alexander Jones Jr

4324 SHELDON AVE.

TEMPLE HILLS, MD 20748

TEL: 301 316-6656

V

CENTRAL PARKING SYSTEMS

1133 20TH STREET, SUITE 250

WASHINGTON, D.C. N.W.

AND

PARKING AND SERVICE WORKERS UNION

LOCAL #27 AFL CIO

!@@) 1220 13TH ST. WASHINGTON D.C. N.w.

CASE NUMBER 1:05CV01072

JUDGE: Royce C. Lamberth

DECK TYPE: Employment Discrimination

DATE STAMP: 05/27/2005

COMPLANT

I was hired approximatly April, 1997, as a floater maintenance worker. I was given a total of three locations # 5403, # 5407 and # 5408 these are my original locations. I was told that I, would recieve more. In 1999 locations # 5437 and # 5 was added. By the end of 1999 Central Parking had lost all of my original locations and I I, was left with only locations # 5437 and # 5. In May 2000, I, was ordered to clean four new locations. I, noted that I, was being under paid ¢15 fifteen cents a hour according to the bargining agreement. I, refused to service the locations. I asked for a dollor raise. I was given two employees warning notice dated 5-3-00 and 6-19-00. The notice state that I, must clean locations # 5044, # 50440 # 5440, # 5601.In Addition to my previous duties at # 5437 and # 5

RECEIVED

MAY - 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Central Parking said that I, Must clean the locations # 5444, # 5410, # 5440 and # 5601. In a meeting with Management and union local 27 I was told that I, could not refuse the locations if I, refuse I, would be fired. They said that I, would recieve a fifty cents raise. I was not given the ¢.15 that I, was being under paid. I worked all six locations starting at the end of June, 2000.

On approximately April 12, 2001 I, filed a workers compensation claim for a hernia I, had developed as a result of an on the job accident. When I, returned to work on April 16, 2001, Manager Ms. Emmabet told me not to return to her locations. I was left only with locations # 5437 and # 5. I, worked locations # 5437 and # 5 until June 18, 2001, When I, had my hernia surgery. It was when I, returned from surgery I was layed off. I was given a lay-off letter dated July 13, 2001, stating, Due to operational requirements the full-time job positions of maintenance personel will be eliminated at # 5 and #5437. Central Parking Did not tell why Manager Ms. Emmabet Told me not to return to her locations and they did not add new locations to # 5 and # 5437. If they did they would have put it in writing like they did in May and June of 2000. I filed a grievance, I had a meeting with the Employees Relations Manager Mr. James Mckigth and Assistant Director of Human Resources Tonya Peters. They told me that I, could check weekly for job openings.

On approximately Aug. 2001 I, filed a complant with the EEOC. In a position statment date July 12, 2002.

Mr. Asrat gave this reson for my lay-off letter. During Charging Party,s absence from work during the period of June 18, 2001 to July 1, 2001, another maintenance employee was able to satisfactorily complete Charging Party,s maintenance job in a mere two hours per day.. Thus it became clear to the project Manager who over saw the parking facilities to which Charging Party was assigned that the operational needs of these facilities did not justify a full-time employee.

Central Parking stated that they offered to assign Charging Party to another parking facility, in addition to the two to which he had. I have evidence to prove that both statments are an attempt to cover up a act of discrimination. I have employ notice that was given me. These Employee work notice show that Central Parking was awere as early as 5-3-00 that locations # 5 and # 5437 were not a full-time position. If Central Parking offered to assign me to another parking facility and I,d refuse they would have written me up and or fired me, like they sseaid in June, 2000.

I filed for unemployment insurance, if I, declind any job assign ments I, would not have recieved unemployment insurance. I, recieved $3000.00 in 2001.

In Dec. 2, 2003, I had a Hearing with comptroller of Marylnd. I proved that Central Parking failed to with hold Maryland tax,s from me for 2001, even though they had always withheld Maryland tax in the past. I provided pay stubs from 1999 and 2000 as proof that Central Parking was withholding Maryland tax. As a result penalty was waive. Finally the Hearing officer agreed to request the Comptrollers Field Audit section to investigate the withholding practices of Central Parking Systems Washington, D.C.

I, have a stress claim with the DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES OFFICE OF HEARINGS AND ADJUDICATION OHA No. 4-433 OWC No. 596807.

Approx. Aug. 2002 I requested my file fromm the EEOC, it took them over one year to get them to me. I requested the file after I, recééved there detremination, the Determination was made Aug. 2002. I received the file Approx. Aug, 2003. On Oct. 17 I received a rigth to sue notice. I have not been able to obtain a lawyer to represent me. I contacted in Nov. 2001 Henrichsen Siegel, In the summer of 2003 I, contacted The D.C. Employment Justice Center Workers Rigths Clinic, they told me to file stress claim and get EEOC files. In Oct. 2003 I contacted The Washington Lawyers Committee For Cilil Righhs & Urban Affairs. They said that they often have to make difficult choices, ddo to limited resources they will not be able to assist me in my complaint.

I, am requesting relief from this court for back pay from central parking of approx. $52.000.00 and the max allowed in punitive damages. I, am also requesting relief from this court for union dues payed to local #27. For not bargining in good faith.

4324 SHELDON AVE

TEMPLE HILLS, MD 20748

301-316-6856