**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEXANDER JONES, JR.,          )<br>                                                      )<br>        Plaintiff                              )<br>                                                      )<br>v.                                                  )     Case No. 1:05-CV-01072-RCL<br>                                                      )<br>CENTRAL PARKING SYSTEMS,  )<br>                                                      )<br>        Defendant.                         )<br>                                                      ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT,**
**OR, IN THE ALTERNATIVE, TO ORDER COMPLIANCE WITH RULE 10(b)**
**AND TO PROVIDE A MORE DEFINITE STATEMENT UNDER RULE 12(e)**

Defendant Central Parking Systems[1], through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss Plaintiff's Complaint. The limitations period on Plaintiff's claims have run, and, accordingly, the Complaint must be dismissed. Alternatively, Plaintiff must be ordered to amend his Complaint to comply with Rule 10(b) to state his claim(s) in separate counts and to provide a more definite statement under Rule 12(e). Defendant respectfully refers the Court to the following Memorandum of Points and Authorities in support of its motion.

                                                                Respectfully submitted,
                                                                CENTRAL PARKING SYSTEMS

                                                                By:_____/s/_____
                                                                     David M. Burns, Bar # 466167
                                                                     SEYFARTH SHAW LLP
                                                                     815 Connecticut Avenue, N.W., Suite 500
                                                                     Washington, DC 20006-4004
                                                                     (202) 463-2400; (202) 828-5393 (fax)
Dated: July 14, 2005                                 Attorneys for Defendant

---

[1]    Plaintiff's prior employer and the correct name of Defendant is Central Parking System Of Virginia, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEXANDER JONES, JR., )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CENTRAL PARKING SYSTEMS, )<br>)<br>    Defendant. )<br>_____) | Case No. 1:05-CV-01072-RCL |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT,
OR, IN THE ALTERNATIVE, TO ORDER COMPLIANCE WITH RULE 10(b)
AND TO PROVIDE A MORE DEFINITE STATEMENT UNDER RULE 12(e)**

Defendant Central Parking Systems[1] (hereinafter "Central Parking" or "Defendant"), through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7(a) of the rules of this Court, hereby submits this memorandum of points and authorities in support of its motion to dismiss Plaintiff's Complaint, or, in the alternative, to order compliance with Rule 10(b) and to provide a more definite statement under Rule 12(e).

**STATEMENT OF FACTS[2]**

Central Parking previously employed Plaintiff as a floater maintenance worker and was not paid an additionally fifteen cents per hour purportedly due him. Compl. pp. 1-2  He was laid off effective July 27, 2001 by letter dated July 13, 2001. Compl. p. 2 and attachment to Complaint. After being laid off, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Compl. p. 2. On October 17, 2003, Plaintiff received a Notice of Right

---

[1] Plaintiff's prior employer and the correct name of Defendant is Central Parking System Of Virginia, Inc.

[2] For purposes of this Rule 12 motion, Defendant assumes the truth of the allegations made in the Complaint. *See Zoelsch v. Arthur Andersen & Co.*, 824 F.2d 27, 33 (D.C. Cir. 1987).

To Sue from the EEOC indicating that it was issued under "Title VII and/or the ADA." Compl. p. 4 and attachment to Complaint. The Notice informed Plaintiff:

> Your suit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

Compl., attachment. Plaintiff did not file his Complaint in this case until May 27, 2005.

## ARGUMENT

### I.     The Standard of Review

A motion to dismiss is appropriate when, construing the complaint liberally in the plaintiff's favor, the plaintiff cannot state a claim upon which relief can be granted. *See Henthorn v. Dep't of the Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (citing *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). A plaintiff's *pro se* status does not excuse his failure to meet a statutory filing deadline. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("*pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines"); *see also Henthorn*, 29 F.3d at 684 ("a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court."). Because Plaintiff's Complaint is untimely, dismissal is appropriate.

### II.    Plaintiff's Complaint Must Be Dismissed Under Rule 12(b)(6) As Untimely And For Failure To Allege A *Prima Facie* Case

Plaintiff's complaint is not a model of clarity. However, it appears that he is alleging a breach of contract claim -- alleging that he was not paid an additional fifteen cents per hour as promised. Additionally, Plaintiff seems to suggest he may have been subject to some sort of unspecified discrimination, attaching to his Complaint a Notice of Right to Sue. Plaintiff's claims must be dismissed because the limitations periods for bringing them passed long ago.[3]

---

[3]     Additionally, and although his prior EEOC charge alleged discrimination based on a purported disability and national origin (American), nowhere in his Complaint does Plaintiff

2

To the extent Plaintiff has alleged a claim for breach of contract, the claim is time barred. A three year statute of limitations applies to Plaintiff's claim for breach of contract. *See* D.C. Code §12-301(7); *Kyriakopoulos v. George Washington Univ.*, 866 F.2d 438, 442 (D.C. Cir. 1989). Plaintiff was laid off effective July 27, 2001 by letter dated July 13, 2001. Plaintiff did not file his Complaint until May 27, 2005, well past the applicable three year statute of limitations. Accordingly, a breach of contract claim is time-barred.

Additionally, Plaintiff's failure to bring his lawsuit within ninety (90) days of the EEOC's final determination on his administrative charge renders his Complaint untimely. *See* 42 U.S.C. § 2000e-5(f)(1) (an allegedly aggrieved party has 90 days to institute civil suit). Here, Plaintiff filed his Complaint more than one and one-half years after receiving the EEOC's right-to-sue notice. Accordingly, Plaintiff's Complaint must be dismissed as a matter of law. *See Smith-Haynie v. District of Columbia*, 155 F.3d 575 (D.D.C. 1998) (affirming dismissal when plaintiff filed on the 92nd day after receipt of EEOC notice of right to sue).

Plaintiff's claims are irrefutably untimely. Accordingly, the Complaint must be dismissed.

### III.    Alternatively, Plaintiff Should Be Ordered To Comply With Rule 10(b) And To Provide A More Definite Statement

In the event the Court does not dismiss Plaintiff's Complaint, it should order him to comply with Federal Rule of Civil Procedure 10(b) and to provide a more definite statement pursuant to Rule 12(e).[4] Rule 10(b), in part, states:

---

identify the type of discrimination he purportedly suffered, let alone set forth a *prima facie* claim of discrimination. On this additional basis, Plaintiff's claim of discrimination, if one has been brought, should be dismissed.

[4] To the extent Plaintiff is bringing any claims other than those identified in Part II above, Defendant believes they would be time-barred as well under the District of Columbia's general three year statute of limitations, D.C. Code § 12-301(8) or some other limitations period.

3

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.

A "shotgun pleading" is one "that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. Of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996). Such a pleading fails to comply with Rule 10(b), and a defendant "is not expected to frame a responsive pleading." *Id.* Rather, "the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement[/replead his claims]." *Id.; Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "With the shotgun pleading out of the way, the trial judge will be relieved of 'the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses.'" *Anderson*, 77 F.3d at 366-67; *cf. Schowers v. Graham*, 54 Fair Empl. Prac. Cas. (BNA) 311 (D.D.C. 1990) (Lamberth, J.) (recognizing that a motion pursuant to Rule 12(e) is the proper mechanism to use where information in the complaint is insufficient to permit a defendant to frame a responsive pleading).

Here, Plaintiff's Complaint takes a shotgun approach, making statements in non-numbered sentences and paragraphs. Moreover, Plaintiff's Complaint makes statements regarding different occurrences or transactions (*i.e.*, not being paid an additional fifteen cents per hour versus being terminated). However, Plaintiff has failed to state his claims in any counts, let alone separate counts. Thus, Plaintiff has failed to comply with Rule 10(b).

"It is axiomatic that defendants remain entitled to know exactly what claims are being brought against them." *Omar v. Lindsey*, 243 F. Supp.2d 1339, 1345 (M.D. Fla. 2003) (citing

---

Further, they may fail to state a claim for other reasons. However, without knowing what, if any, claims Plaintiff is bringing, Defendant is unable to assert a response or defense.

Rules 8 and 10), *aff'd*, 334 F.3d 1246 (11th Cir. 2003). Yet, Plaintiff's Complaint is so vague and ambiguous that he has left it to the Court and Defendant to try to discern his claims and which allegations support which claims. Defendant has done its best to do so as identified in Part II above, and such claims should be dismissed on timeliness grounds. However, to the extent the Court does not dismiss the Complaint, it should order Plaintiff to amend his Complaint to comply with Rule 10(b) and provide a more definite statement pursuant to Rule 12(e).

## CONCLUSION

For each of the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice. Alternatively, Plaintiff should be required to amend his Complaint to comply with Rule 10(b) and provide a more definite statement pursuant to Rule 12(e).

Respectfully submitted,

CENTRAL PARKING SYSTEMS

By: _____/s/_____
David M. Burns, Bar # 466167
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)

Dated: July 14, 2005            Attorneys for Defendant