IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDER JONES JR

4324 SHELDON AVE

TEMPLE, HILLS, MD 20748

    PLAINTIFF

V.

                                              CASE No. 1: 05-CV-01072-RCL

CENTRAL PARKING SYSTEM OF VIRGINA

    DEFENDANT

PLAINTIFF OPPERSITION TO DEFENDANTS MOTION TO DISMISS

PLAINTIFF ALEXANDER JONES JR, here by submits oppersition to Motion to dismiss complaint in this memorandom.

STATMENT OF FACTS @

PLAINTIFF DETERMINATION from the EEOC date 8-12-02 stated ( There is reason to believe that violations have occurred. The commission now invites the parties to join with it in collective effort towards a just resolution of the matter. A representative of the office will be in contact with each party to begine the conciliation process. There is sufficient evidence to prove that Respondant violated The Americans with Disabilities Act of 1990 when it placed Charging Party's medical records in his personnel file.

3   In conciliation agreement date 3-20-03, the EEOC changed their Determination).In III. RELIEF the commission stated ( Specific relief for the Charging is not provided by the term of the agreement since the commission did not make a finding of reasonable cause on his discharge claim under Title VII of the Civil Rights ACT of 1964, as amended of the American with Disabilities Act of 1990).

On 7-29-04 in a informal conference with the Offic of workers Compensation, the defendents attorney used the lay-off letter from James Mc Kight Employment Relation Manager, to support Defendents position. The attorney also stated (Charging party has filed a EEOC claim).

In Formal Hearing dated 11-3-04 Judge Amelia G. Govan ruled that their is a job issue, and stated (if the issue was not settled the defendent could be found lieable). Plaintiff attempted to conciliate but was not successfull.

## ARGUMENT

1  Plaintiff believes that the Determination dated 8-12-02 can not be changed. The Plaintiff must be present at the conciliation process for the violation of THe American With Disabilities Act of 1990. The defendent was required to take corrective and pespentive action to cure the source of the identified discrimination. If the evidence establishes that discrimination has occurred, the employer and the charging party will be informed of this in a letter of determination that explains the findings, EEoc will then attempt conciliation with the employer to develop a remedy for discrimination.

2  Plaintiff believe the defendent open the door for EEOC evidence when Defendents attorney used lay-letter and made statement about EEOC claim to support Defendents position in workers compinsation claim. Plaintiff reqest not to Dismiss the complaint for the obove resons.

8-2-05