

District of Columbia Government        Department of Employment Services

| Office of Workers' Compensation | P.O. Box 56098 | Washington, D.C. 20011 |

## MEMORANDUM OF INFORMAL CONFERENCE

**Claimant:** Alexander Jones          **OWC NO.** 596807
**Employer:** Central Parking Systems
**Insurance Carrier:** ESIS Insurance

**Date Informal Conference Requested:** 6/23/2004   **Date Conference Scheduled:** 7/6/2004
**Date of Conference:** 7/29/2004                    **Date of Injury:** 4/12/2001
**Nature of Injury:** Stress

**Appearances:**          Claimant present: YES
For Claimant: Heather Leslie, Esquire  For Employer/Carrier: Patrick Roberson, Esquire
Issue(s) in dispute: Authorization to get medical care

**Employee's Claim:** Claimant is a 43-year-old male employed by Centeral Parking system as a mainentance worker. He states that he sustained a lump in his groin in November of 2000, caused by heavy lifting at work. He states that he had surgery performed in 2001; thereafter, he started suffering stress disorder. He is seeking authorization for medical treatment.

**Documentation/Support of claim:** Claimant submitted Medical Form dated 10/30/03, addressed to a physchologist who diagnosed claimant for Acute Stress Disorder, and a letter dated 9/7/01, from Magellan Behavioral Health Management to the claimant.

**Employer/Carrier's Position:** Employer/carrier's contention is that the claimant has no compensable injury, and that the claim for stress disorder is questionable.

**Documentation/Support of position:** The counsel for the employer submitted medical notes and report dated 6/18/01, from Kaiser Permanente, and a letter dated 7/13/01, from James I. McKnight, Employment Relations Manager to the claimant.

**Conclusion:** Review of the administrative file reveals (1) insufficient medical evidence to support stress claim, and (2) the claimant did not file a claim for compensation until two years after the statute of limitation has expired; therefore, claimant's claim is barred as untimely.

| Average weekly wage: $0.00 | Compensation rate: $0.00 |

Page Two
Alexander Jones, J.
OWC #596807

As stipulated by parties:          As recommended by examiner:

**Upon discussion of the issues involved, together with due consideration to all information in the administrative file, the following recommendation is made.**

Recommendation: The claim is time-barred

Attorney's Fee: Fee deferred at this time

### Action by Employer/Carrier or Claimant

The insurance carrier or self-insured is to submit Form 9 DCWC, showing compliance with the above recommendation. Upon completion of payment, a final Form 15 DCWC is to be submitted. To avoid statutory penalties all required forms should be sent to this office promptly and within fourteen (14) working days as required by the Act. In the event of noncompliance or disagreement with this recommendation, an aggrieved party (Claimant or Employer/Carrier) may apply for a formal hearing to be scheduled by completing Form No. 20 DCWC, Application for Formal Hearing.

*Eucharia C. Eleweanya*
Claims Examiner                                    Date: 8/4/04

---

### APPEAL RIGHTS

In accordance with Title 7 DCMR, Section 219.20, the parties shall have fourteen (14) working days after receipt of the Memorandum of Informal Conference within which to signify in writing whether they agree or disagree with the recommendation. If the parties agree with the Memorandum of Informal Conference, the parties shall prepare, and submit to the Office within fourteen (14) working days, a joint statement signed by the parties indicating their acceptance of the terms of the Memorandum and their intent to be bound by the terms. The Office shall issue a Final Order consistent with the provisions in Title 7 DCMR, Section 219.16.

If either party disagrees with the Memorandum, that party must file an application for a formal hearing in accordance with Title 7 DCMR, Section 220 within thirty-four (34) working days after the issuance of the Memorandum of Informal Conference. If an application is not filed, said Memorandum shall become final. Thereafter, the Office shall issue a Final Order that shall be sent by certified mail to the parties and their representatives, and the Hearings and Adjudication Section. An aggrieved party may request a review by the Director, DOES.

An application for a hearing must be addressed to:

ORIGINAL TO:      Malcolm J. Luis-Harper, Chief Administrative Law Judge
                  Department of Employment Services
                  Office of Hearings and Adjudication
                  77 P Street, N.E., Second Floor
                  Washington, D.C. 20002

COPY TO:          Charles L. Green, Associate Director
                  Department of Employment Services
                  Office of Workers' Compensation
                  77 P Street, N.E., Second Floor
                  Washington, D.C. 20002

Conciliation Agreement
EEOC Charge No. 100 A1 0823
Page 3

7. <u>Enforcement of Agreement</u> - The parties agree that this agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this agreement.

8. <u>Impact Upon EEOC's Processing</u> - EEOC agrees not to use the subject charge as the jurisdictional basis for a civil rights suit under The Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964, as amended but does not waive or in any manner limit its right to process or seek relief in any other charge or investigation including, but not limited to, a charge filed by a member of the EEOC against Respondent.

## II. EMPLOYMENT POLICIES AND PRACTICES

Respondent will not discriminate on the basis of a <u>disability</u> as it relates to all phases of employment including recruitment, hiring, job assignment, promotion, training, and other terms, conditions, or privileges of employment.

## III. RELIEF

<u>Preservation of Charging Party's Rights under the Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990.</u>-This Agreement is executed between the Commission and Respondent and it does not affect Charging Party's right to go to court under both statutes. Specific relief for Charging Party is not provided by the terms of the Agreement since the Commission did not make a finding of reasonable cause on his discharge claim under Title VII of the Civil Rights Act of 1964, as amended or The Americans with Disabilities Act of 1990. The execution of this agreement by the Commission does not constitute a waiver of any rights or protections afforded the Charging Party by Title VII of the Civil Rights Act of 1964, as amended and Title I of the Americans with Disabilities Act of 1990.

To further the objectives of this Agreement and to ensure compliance with all aspects of the Americans with Disabilities Act of 1990, Respondent agrees to provide training for all Human Resource managers and employees. Within 4 weeks of the effective date of this Agreement, Respondent will provide the EEOC with both the name and credentials of who conducted the training. This training will stress Respondent's policy of opposition to discrimination and explain the laws enforced by the EEOC with particular emphasis on the Americans with Disabilities Act's rules regarding co-mingling of personal and medical records.

Respondent agrees to maintain medically related documents of its employees in a separate file or sealed envelope clearly marked "Confidential Medical Records" and keep separately from employees' personnel files.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington Field Office

1400 L Street, N.W., Suite 200
Washington, D.C. 20005
(202) 275-7377
TTY (202) 275-7518
FAX (202) 275-6834 & 0025

Charge Number: 100 A1 0823

Alexander Jones
2301 Brooks Drive Apt # 204
Suitland, Maryland 20746                          Charging Party

vs.

Central Parking Corporation
1133 20th Street Suite 250
Washington, D.C. 20036                            Respondent

### DETERMINATION

On behalf of the Commission, I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990. All requirements for coverage are met.

Charging Party alleges that he was discriminated against based on his national origin (American) and disability in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990.

Respondent denies Charging Party's allegations and maintains that Charging Party was given other job opportunities within the company and declined those offers.

Examination of the evidence shows that during the time in which Charging Party was off after sustaining an on the job injury, it was determined that his position could be changed to a part time position. This determination was made by management when a Hispanic employee was able to complete the assigned tasks in a more timely and efficient manner. Upon Charging Party's return, Charging Party was told of the change and asked if he wanted to be assigned to more work sites in order to justify the full time hours of work. Charging Party declined the offer. Based on this refusal, Respondent placed Charging Party on layoff status as of July 27, 2001.

During the course of the investigation, it was discovered that the Charging Party's medical information was placed in his personnel file. This is a violation of the Americans with Disabilities Act of 1990 according to Code of Federal Regulation, 29 CFR§1630.14(c)(1) which states that the medical condition or history of an employee shall be collected and maintained on separate forms and in separate medical files and be treated as a confidential medical record.

Based on this analysis, there is insufficient evidence to prove that Charging Party was laid off because of his national origin(American) and being regarded as disabled. However, there is sufficient evidence to prove that Respondent violated the Americans with Disabilities Act of 1990 when it placed Charging Party's medical records in his personnel file.

With respect to the issues in which the Commission finds no cause, the following information describes Charging Party's right to file a lawsuit. If the Charging Party wishes to pursue the matter under the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964, as amended in court at this time, he may request the Commission to issue a NOTICE OF RIGHT TO SUE. There is no requirement to do so; this information is provided as a reminder of the right to sue. Upon receipt of such a request, the Commission will evaluate the need to conciliate further at the time.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

If the Commission determines that there is reason to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. A representative of this office will be in contact with each party in the near future to being the conciliation process.

Disclosure of information obtained by the Commission during the conciliation process will be governed by Section 1601.26 of the Commission's Procedural regulation. When the Respondent declines to enter into settlement discussions, or when the Commission's representative, for any other reason, is unable to secure a settlement acceptable to the Office Director, the Director shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons, and the Commission.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

AUG 1 2 2002

Date

Tulio L. Diaz, Jr., Director

I certerfie that the Plaintiff oppersition to the Defendents motion to Dismiss Plaintiff cliam was serviced on 8-3-05 to.
By mail

Seyfarth Shaw
815 Connecticut Ave, N.W
Suit 500
Washington, DC 20006-4004
Attorney for the Defence.

8-2-05