IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER JONES, JR., )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CENTRAL PARKING SYSTEMS, )<br>)<br>    Defendant. )<br>                                  ) | Case No. 1:05-CV-01072-RCL |

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Central Parking Systems[1], through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court to dismiss Plaintiff's Amended Complaint. The limitations period on both of Plaintiff's claims have run, and, accordingly, the Amended Complaint must be dismissed. Moreover, Plaintiff has not plead a *prima facie* case to support either of his claims. Defendant respectfully refers the Court to the following Memorandum of Points and Authorities in support of its motion.[2]

                                                                      Respectfully submitted,
                                                                        CENTRAL PARKING SYSTEMS

                                                                        By:               /s/
                                                                           David M. Burns, Bar # 466167
                                                                          SEYFARTH SHAW LLP
                                                                          815 Connecticut Avenue, N.W., Suite 500
                                                                          Washington, DC 20006-4004
                                                                          (202) 463-2400; (202) 828-5393 (fax)

Dated:  August 15, 2005                            Attorneys for Defendant

---

[1]     Plaintiff's prior employer and the correct name of Defendant is Central Parking System Of Virginia, Inc.

[2]     Defendant further asserts that the Court should still grant its motion to dismiss the initial Complaint. As pointed out in Defendant's Reply in support thereof, Plaintiff did not file a timely opposition, and his Amended Complaint was filed only after his opposition was due. Accordingly, Defendant's initial motion to dismiss was unopposed and could have been granted before Plaintiff filed his Amended Complaint. If the Court were to grant Defendant's initial motion to dismiss on those grounds, it would not need to address this motion to dismiss.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER JONES, JR., )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>CENTRAL PARKING SYSTEMS, )<br>)<br>    Defendant. )<br>_____) | Case No. 1:05-CV-01072-RCL |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Central Parking Systems (hereinafter "Central Parking" or "Defendant"), through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7(a) of the rules of this Court, hereby submits this memorandum of points and authorities in support of its motion to dismiss Plaintiff's Amended Complaint.

**PROCEDURAL BACKGROUND & PLAINTIFF'S AMENDED COMPLAINT**

On July 14, 2005, Defendant filed its Motion To Dismiss Plaintiff's [Original] Complaint Or, In The Alternative, To Order Compliance With Rule 10(b) And To Provide A More Definite Statement Under Rule 12(e)." Plaintiff failed to oppose the motion within the time permitted by the applicable rules. *See* Defendant's Reply in support of its initial motion to dismiss. On August 4, filed an *untimely* opposition to Defendant's initial motion to dismiss. That same day, he filed an "Amended Complaint Discrimination." His Amended Complaint asserts a count for retaliation in violation of the Americans With Disabilities Act ("ADA") "when Defendant placed Plaintiff['s] medical records in his personnel file." It also asserts a count for some sort of unspecified discrimination in violation of Title VII, as amended.

Plaintiff's Amended Complaint does not assert any new facts in support of his unspecified discrimination claim. It appears that his Amended Complaint is intended to amend

his initial Complaint by supplementing it. Accordingly, for purposes of this motion, Defendant liberally treats the Amended Complaint as encompassing the initial Complaint as well.

## STATEMENT OF FACTS[1]

Central Parking previously employed Plaintiff as a floater maintenance worker, and he was allegedly not paid an additional fifteen cents per hour purportedly due him. Compl. pp. 1-2.[2] He was laid off effective July 27, 2001 by letter dated July 13, 2001. Compl. p. 2 and attachment to Complaint. After being laid off, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Compl. p. 2. On October 17, 2003, Plaintiff received a Notice of Right To Sue from the EEOC indicating that it was issued under "Title VII and/or the ADA." Compl. p. 4 and attachment to Complaint. The Notice informed Plaintiff:

> Your suit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

Compl., attachment. Plaintiff did not file his initial Complaint in this case until May 27, 2005.

## ARGUMENT

### I.     The Standard of Review

A motion to dismiss is appropriate when, construing the complaint liberally in the plaintiff's favor, the plaintiff cannot state a claim upon which relief can be granted. *See Henthorn v. Dep't of the Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (citing *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). A plaintiff's *pro se* status does not excuse his failure to meet a statutory filing deadline. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("*pro se* litigants are not entitled to a general dispensation from the rules of

---

[1]     For purposes of this Rule 12 motion, Defendant assumes the truth of the allegations made in the Amended Complaint. *See Zoelsch v. Arthur Andersen & Co.*, 824 F.2d 27, 33 (D.C. Cir. 1987).

[2]     Citations to the initial Complaint are designated as "Compl. ___." Citations to the separate Amended Complaint are designated as "Am. Compl. ___."

2

procedure or court imposed deadlines"); *see also Henthorn*, 29 F.3d at 684 ("a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court."). Because Plaintiff's claims are untimely, dismissal is appropriate.

## II. Plaintiff's Claims Must Be Dismissed Under Rule 12(b)(6) As Untimely And For Failure To Allege A *Prima Facie* Case

Plaintiff's Amended Complaint is not a model of clarity. He alleges that he was subject to "retaliation" in violation of the ADA "when Defendant placed Plaintiff['s] medical records in his personnel file." Am. Compl. p. 1. Additionally, Plaintiff seems to suggest he may have been subject to some sort of unspecified discrimination, attaching to his Amended Complaint a Notice of Right to Sue. Plaintiff's claims must be dismissed because the limitations periods for bringing them passed long ago.

Plaintiff's failure to bring his lawsuit within ninety (90) days of the EEOC's final determination on his administrative charge renders his claims untimely. *See* 42 U.S.C. § 2000e-5(f)(1) (an allegedly aggrieved party has 90 days to institute a civil suit). Here, Plaintiff filed his claims more than one and one-half years after receiving the EEOC's right-to-sue notice, and, therefore, time-barred. *See Smith-Haynie v. District of Columbia*, 155 F.3d 575 (D.D.C. 1998) (affirming dismissal when plaintiff filed on the 92nd day after receipt of EEOC notice of right to sue). Plaintiff's claims are irrefutably untimely and must be dismissed.[3]

Additionally, and although his prior EEOC charge alleged discrimination based on his purported national origin (American), nowhere in his Amended Complaint does Plaintiff identify

---

[3] The Amended Complaint also asserts a third count stating: "Plaintiff sues Defendant for sum of two years back pay of $28,000." This purported "count" is nothing more than a claim for relief and not a cause of action at all. To the extent that the third count is alleging a breach of contract claim -- that he was not paid an additional fifteen cents per hour as promised -- it is also time-barred. A three year statute of limitations applies to Plaintiff's claim for breach of contract. *See* D.C. Code §12-301(7); *Kyriakopoulos v. George Washington Univ.*, 866 F.2d 438, 442 (D.C. Cir. 1989). Plaintiff was laid off effective July 27, 2001 by letter dated July 13, 2001. Plaintiff did not file his Complaint until May 27, 2005, well past the applicable three year statute of limitations. Accordingly, any breach of contract claim is time-barred.

3

the type of discrimination he purportedly suffered, let alone set forth a *prima facie* claim of discrimination.  Moreover, he does not allege engaging in any activity protected by the ADA to support a retaliation claim under the ADA, let alone set forth a *prima facie* claim of any such retaliation.  Accordingly, Plaintiff's claims of discrimination/retaliation, if any, should be dismissed for this independent reason.

    Plaintiff's claims are time-barred.  Moreover, Plaintiff has not asserted a *prima facie* case of discrimination or ADA retaliation.  For each of these independent reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

                                                  Respectfully submitted,

                                                  CENTRAL PARKING SYSTEMS

                                                  By:_____/s/_____
                                                         David M. Burns, Bar # 466167
                                                         SEYFARTH SHAW LLP
                                                         815 Connecticut Avenue, N.W., Suite 500
                                                         Washington, DC 20006-4004
                                                         (202) 463-2400
                                                         (202) 828-5393 (facsimile)
Dated:  August 15, 2005                        Attorneys for Defendant