## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALEXANDER JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1072 (RCL) |
| ) | |
| CENTRAL PARKING SYSTEMS, *et al.*, ) | |
| ) | |
| Defendants.[1] ) | |
| ) | |

**FILED**

FEB 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION

This matter is before the Court on defendant's Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, to Order Compliance with Rule 10(b) and to Provide a More Definite Statement under Rule 12(e) and Motion to Dismiss Plaintiff's Amended Complaint. Having considered defendant's motions and plaintiff's opposition, the Court will grant the motion.

### BACKGROUND

Defendant Central Parking System of Virginia, Inc. ("Central Parking") employed plaintiff as a floater maintenance worker to whom it assigned three locations to clean. Complaint ("Compl.") at 1. When Central Parking assigned plaintiff four additional locations to clean, plaintiff refused to do so because defendant allegedly underpaid him by $.15 per hour. *Id.* Consequently, Central Parking issued two warnings. *Id.*, Ex. (Employee Warning Notices for

---

[1]       Plaintiff also named the Parking and Service Workers Union as a party defendant. *See* Compl. (Caption). Neither the original complaint nor the supplement articulated a claim against the union. The union was not served with process because the address provided in the complaint was incorrect. *See* Dkt. #3 (Process Receipt and Return). Accordingly, the Court will dismiss the Parking and Service Workers Union as a party defendant.

1

violations on May 30, and June 19, 2000). When given the option of cleaning all assigned

locations or being fired, plaintiff opted to clean all the assigned locations as of June 2000. *Id.* at

2.

Plaintiff developed a hernia as a result of an on-the-job accident, and underwent surgery

to repair it. Compl. at 2. Upon his return to work after surgery, defendant placed him on lay off

status. *Id.* at 2 & Ex. (July 13, 2001 letter from James I. McKnight, Employee Relations

Manager). He contended that defendant discriminated against him in a manner not explained in

pleadings, and that he pursued a claim before the Equal Employment Opportunity Commission

("EEOC"). *Id.*, Ex. (Notice of Right to Sue dated October 17, 2003).

The Court keeps in mind that a complaint filed by a *pro se* litigant is held to a less

stringent standard than that to which a formal pleading drafted by a lawyer is held. *See Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court discerns a discrimination claim

against Central Parking under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended,

*see* 42 U.S.C. § 2000e *et seq.*, stemming from the lay off in 2001. In addition, plaintiff brings a

claim under the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C.

§ 12101 *et seq.*, because Central Parking allegedly "placed Plaintiff['s] medical records in his

personnel file" in violation of the Act. *See* Amd. Compl.[2] He demands back pay and punitive

damages, among other relief. Compl. at 4.

DISCUSSION

A plaintiff must commence a civil action under both Title VII and the ADA in a federal

---

[2]    The Court construes plaintiff's "Amended Complaint Discrimination" [Dkt. #7]
as a supplement to the original complaint.

court within 90 days after receipt of right-to-sue letter from the EEOC. *See* 42 U.S.C.

§§ 2000e-5(f)(1), 12117(a). It is presumed that the right-to-sue letter was mailed on the same

date of its issuance. *See Anderson v. Local 201 Reinforcing Rodmen*, 886 F.Supp. 94, 97

(D.D.C. 1995). If the date on which a plaintiff received the letter is not stated in the record, it is

presumed that he received the letter three days after its issuance. *See Baldwin County Welcome

Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (per curiam) (applying "3-day rule" of Fed. R. Civ.

P. 6(e)); *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998) (same).

The record reflects that the EEOC issued plaintiff's right-to-sue letter on October 17,

2003. The date on which plaintiff received the right-to-sue letter is not stated in the record. In

this circumstance, it is presumed that plaintiff received the letter three days later, on October 20,

2003. The official court record shows that the Clerk of the Court received plaintiff's complaint

and application to proceed *in forma pauperis* on May 3, 2005, approximately 19 months later.[3]

Plaintiff offers no explanation for his delay in filing this civil action, and sets forth no

reasons why the limitations period should be tolled. Because plaintiff failed to file his complaint

within the 90-day limitations period, the complaint must be dismissed as untimely. An Order

consistent with this Memorandum Opinion will be issued separately on this same date.

ROYCE C. LAMBERTH
United States District Judge

DATE: 2/21/06

---

[3]    The front of plaintiff's original complaint was stamped "received" by the Clerk of
the Court on May 3, 2005. The Clerk officially filed plaintiff's complaint on May 27, 2005, after
the Court reviewed and approved plaintiff's application to proceed *in forma pauperis*. *See* Dkt.
#1-2.